## JAMES GREEN ET UX. v. STEPHEN JOHNSON

[No. 44, September Term, 1982.]

*Decided April 18, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Ray E. Stokes* for appellants.

No brief filed on behalf of appellee.

PER CURIAM

This is an action by a home improvement contractor against owners. Certiorari was granted in order to consider the single question presented in the owners' petition, which was:

> Can a contractor who is unlicensed at the time a contract for the performance of home improvement work is executed recover on that contract or on a *Quantum Meruit* [sic] basis simply by waiting until he is licensed before commencing work?

Because we find that the record does not clearly present the issue raised in the petition for certiorari, we dismiss the petition as improvidently granted.

This action was instituted in the District Court of Maryland for Baltimore City by Stephen A. Johnson (the Plaintiff or Stephen) against James Green and Marjorie Green. The Statement of Claim alleged a contract under

which the Plaintiff was to do repairs to 328 North Mount Street. Plaintiff claimed $4,064.49, representing both a portion of the original contract price and compensation for extra work. In the course of trial, the Plaintiff testified that the amount he was claiming was $3,564.49. The original, written contract was introduced in evidence.

That contract is on a preprinted proposal form, headed "S.A. Johnson, Interior and Exterior Painting Contractors," followed by an address and telephone number. Next to that printed name there was written in longhand "Lic No #11887." The writing then set out in longhand a description of the work proposed to be done by Plaintiff. This proposal bears the date July 1, 1980 and was admittedly signed by Stephen. After negotiating the fixed price for the work to $6,485, James Green accepted the proposal on July 1, 1980 by signing the contract and paying $1,000 in advance. The District Court found that the work started July 5, 1980. Through September of 1980, the Defendants made additional payments in the aggregate amount of $2,500. Proof showed that portions of the work called for in the written contract were never performed or were defectively performed by the Plaintiff. There was also testimony by Stephen that his claim for extras included additional labor in the amount of $1,875.

The Defendants, in support of a defense of illegality, called a witness from the Maryland Home Improvement Commission (the Commission) for the purpose of showing that Stephen was not a licensed home improvement contractor on July 1, 1980. This defense rested both on the Maryland Home Improvement Act, Md. Code (1957, 1979 Repl. Vol., 1982 Cum. Supp.), Art. 56, §§ 245 through 269A (the Act) and on the decision in *Harry Berenter, Inc. v. Berman,* 258 Md. 290, 265 A.2d 759 (1970). That witness produced a certificate, executed under the seal of the Commission by its executive director, which, under the heading "License Information," read as to Stephen: "1980-1981 license #11887, Issued July 2, 1980." The unanimous testimony was that license #11887 was a license

issued to E. Johnson & Sons, a home improvement contracting business owned by Stephen's father, Ernest Johnson. The Commission representative testified that Stephen was "on the application." The following colloquy ensued:

THE COURT: Well was [Stephen] licensed to work under that number if his name was on the application?

[WITNESS]: Only if he was part of the company.

. . . .

THE COURT: And the work was started July the 5th. So when the work was started the license was valid.

[WITNESS]: For E. Johnson and Sons, that's correct.

THE COURT: And Steve A. Johnson was a part of that on the application?

[WITNESS]: That's what — that's what the document indicates, Your Honor.

. . . .

[DEFENDANTS' COUNSEL]: The actual document [the certification] from home improvement. Now who does that indicate that the licensee is?

THE COURT: Steve A. Johnson.

[WITNESS]: Steve A. Johnson.

THE COURT: That's who we have here as a plaintiff, right?

[PLAINTIFF'S COUNSEL]: Yes sir, yes sir.

THE COURT: Sure.

The question as framed by the Defendants in their petition for certiorari to this Court properly assumes the facts, supported by the record, which are most favorable to the Plaintiff who prevailed in the courts below. It also assumes, and therefore does not present for review, the legal validity

of the interpretation of the Act by the witness from the Commission under which Stephen is a licensee under the license issued to E. Johnson & Sons. This is an assumption on which we express no opinion. There was also evidence that E. Johnson & Sons had been engaged in home improvement contracting for many years and, inferentially, that it had been licensed for years prior to the July 1, 1980-June 30, 1981 licensing period.[1]

The District Court entered a judgment in favor of the Plaintiff in the sum of $1,250. On appeal by the Greens, the Circuit Court for Baltimore City affirmed. Its rationale was that the District Court had found that Stephen was licensed beginning July 2, 1980 under license # 11887, that work had not begun until July 5, 1980 and that entering into the home improvement contract on July 1, when Stephen was unlicensed, was *de minimis,* because there was substantial compliance with the licensing requirements. This holding, in turn, gave rise to the Defendants' statement of the issue in their petition for certiorari.

However, the record shows that in rendering judgment, the District Court in part stated:

> There's quite a few things that have not been completed, there's quite a few extra things that were done. Each time an extra was done it should have been noted on the contract but it wasn't. [Stephen] is entitled to something for what he did do. He's not entitled to the full amount and he's claiming 3,564. I am going to allow 1,750.

The amount awarded was almost immediately thereafter reduced to $1,250 after argument by Defendants' counsel relating to Defendants' loss of rentals on the property.

It therefore appears that the $1,250 judgment appealed from can be supported wholly in terms of the testimony that the extra work involved amounted to $1,875. By definition,

---

1. It was not until the enactment of Ch. 776, § 4 of the Acts of 1982 that the Commission issued biennial licenses expiring in each odd-numbered year.

the extras were not performed under the express contract formed on July 1 when Stephen was unlicensed. *See* 3A A. Corbin *Contracts* § 756, at 505 (1960) (agreement for extra work is a new contract wholly separate from and independent of the original); 5 S. Williston, *A Treatise on the Law of Contracts* § 650, at 27 (3d ed. 1961) (extra work arises outside of and is not controlled by the contract). The contract, whether express or implied, to perform work beyond the scope of the July 1, 1980 contract was made when there was a license in effect. Thus, the record does not clearly present the issue raised in the petition for certiorari, and the petition does not embrace the question of a legal error, if any, in the District Court's having concluded that Stephen could contract in his name under a license issued to E. Johnson & Sons. Accordingly, we dismiss the petition.

> *Petition dismissed.*
> *Costs to be paid by the petitioners,*
> *James Green and Marjorie Green.*